**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**


**CLIFFORD MERRITT,**

        Petitioner,

**v.**                                             **Civil Action No. 2:10-CV-47**
                                                             **(BAILEY)**

**WARDEN ADRIAN HOKE,**

        Respondent.

### ORDER GRANTING RESPONDENT'S MOTION TO ALTER OR AMEND

On this day, the above-styled matter came before this Court for consideration of the respondent's Motion to Alter or Amend [Doc. 36], filed January 20, 2011.  In the motion, the respondent asks this Court to amend its January 18, 2011, Order Adopting in Part and Rejecting in Part Opinion/Report and Recommendation [Doc. 34].   Specifically, the respondent asks this Court to correct its clear error of law by "withdraw[ing] its vacating of the Petitioner's conviction, and . . . issu[ing] a conditional release order allowing the State a reasonable period of time to retry the Petitioner."  ([Doc. 36] at 4-5).  For the reasons that follow, this Court hereby **GRANTS** the respondent's motion **[Doc. 36]**.

The power of a federal habeas court "lies to enforce the right of personal liberty; when the right is denied and a person confined, the federal court has the power to release him.  Indeed, it has no other power; it cannot revise the state court judgment; it can only act on the body of the petitioner." ***Fay v. Noia***, 372 U.S. 391, 430 (1963).  Here, this Court committed a clear error of law when it ordered that the petitioner's conviction and sentence

1

be vacated.

Instead, "[t]he typical relief granted in federal habeas corpus is a conditional order of release[.]" *Herrera v. Collins*, 506 U.S. 390, 403 (1993).  "A conditional release order requires the state to release the petitioner from custody or to retry him in a constitutional manner within a reasonable period of time, typically 30, 60, 90, or 120 days."  2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 33.3, at 1682 (5th ed. 2001).

Accordingly, this Court now amends its January 18, 2011, Order to grant the following relief:

> The petitioner's § 2254 Petition **[Doc. 1]** is hereby **GRANTED IN PART** and **DENIED IN PART** and a conditional writ of habeas corpus is hereby **ISSUED**. Accordingly, the respondent must release the petitioner <u>unless</u>, within a reasonable period of time, the State initiates proceedings to retry the petitioner.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff and the Circuit Court of Harrison County, West Virginia.

**DATED**: January 21, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

2